UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VICTOR MICHEL, ET AL.                          CIVIL ACTION

VERSUS                                          NO. 18-4738

FORD MOTOR COMPANY, ET AL.                     SECTION "R" (4)

**ORDER AND REASONS**

Before the court is plaintiffs' motion to remand.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

This case arises out of Victor Michel's alleged asbestos exposure as a result of his work as a mechanic and generator service technician.[2] Michel, who was a citizen of Louisiana, worked as a parts delivery driver, truck mechanic, generator service technician, and "owner operator" from 1965 to 2005.[3] He filed this action in state court on July 28, 2017 after being diagnosed with mesothelioma.[4] Michel named numerous defendants in his

---

[1]    R. Doc. 28.
[2]    R. Doc. 1 at 2.
[3]    R. Doc. 1-2 at ¶ 6.
[4]    *Id.*

complaint, including Taylor-Seidenbach, Inc. and Cummins, Inc.[5] The only remaining defendant that is a citizen of Louisiana is Taylor-Seidenbach.[6] On May 8, 2018, Cummins removed this action to this Court after receiving a deposition transcript purportedly demonstrating that Taylor-Seidenbach was fraudulently joined to defeat diversity jurisdiction.[7] Shortly thereafter, Michel died, and the Court substituted his survivors as plaintiffs.[8] Two of the survivors are also Louisiana citizens.[9] Plaintiffs have now filed a motion to remand asserting a lack of diversity jurisdiction.[10] Cummins opposes the motion.[11]

## II. LEGAL STANDARD

A defendant may generally remove a civil action from state to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has original diversity jurisdiction when complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Owen Equip. &*

---

[5] *Id.*
[6] *See* R. Doc. 1 at 6-8.
[7] *Id.* at 9-16.
[8] R. Doc. 21.
[9] R. Doc. 28-5.
[10] R. Doc. 28.
[11] R. Doc. 32.

*Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A defendant may remove either within thirty days of service of the initial pleading or within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b). Though the Court must remand to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the court's jurisdiction is fixed at the time of removal. 28 U.S.C. §1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

Federal jurisdiction exists when the only non-diverse party is improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The removing party asserting improper joinder bears a "heavy burden of proving that the joinder was improper." *Id.* at 576. They must establish either (1) actual fraud in pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). There are no allegations of fraud in this case. The only relevant improper joinder allegation is under the second test.

If removal is based on the second theory, the defendant must demonstrate "that there is no possibility of recovery by the plaintiff against

3

an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood*, 385 F.3d at 573). In analyzing whether a plaintiff has demonstrated a reasonable possibility of recovery, the district court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. The Court may also "pierce the pleadings" and consider summary judgment-type evidence as to "discrete facts that would determine the propriety of joinder" at its discretion. *Id.*; *see also Davidson*, 819 F.3d at 766. In conducting this inquiry, the Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). The status of discovery is also a relevant consideration. *Id.* The Court must resolve all ambiguities in favor of the non-removing party. *Id.*

Further, the Court must take care not to move "beyond jurisdiction and into a resolution on the merits." *Smallwood*, 385 F.3d at 574. When "a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-

4

state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit." *Id.* No federal jurisdiction exists over such a case, and it must be remanded to state court. *Id.* at 576.

**III. DISCUSSION**

Plaintiffs move to remand for two reasons. First, they assert that Taylor-Seidenbach was properly joined. Second, they argue that even if Taylor-Seidenbach were improperly joined, defendants' removal was past the 30-day "other paper" deadline. The Court first addresses the question of improper joinder through both a 12(b)(6)-type inquiry and by piercing the pleadings. It then evaluates the timeliness of removal.

**A. Cummins has proven that Plaintiffs Have No Reasonable Basis for Recovery**

To prevail in an asbestos exposure case, a plaintiff must prove that "(1) his exposure to defendant's asbestos product was significant, and (2) that this exposure caused or was a substantial factor in bringing about his mesothelioma." *Robertson v. Doug Ashy Bldg. Materials, Inc.*, 168 So. 3d 556, 565 (La. App. 1 Cir. 2014) (citing *Rando v. Anco Insulations, Inc.*, 16 So.3d 1065, 1092 (La. 2009)). Plaintiffs make generic allegations in their state court petition that Taylor-Seidenbach and the other named defendants

5

manufactured, supplied, or sold asbestos containing materials and were generally negligent in failing to provide a safe workplace.[12] Plaintiffs also allege that Michel was exposed to asbestos from unspecified Taylor-Seidenbach products at unspecified locations.[13] Plaintiffs do not assert specific fault allegations against Taylor-Seidenbach individually. When a plaintiff has stated a claim but has "misstated or omitted discrete facts that would determine the propriety of joinder," the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. The state court pleadings do not contain discrete facts that allow the court to determine the propriety of joining Taylor-Seidenbach in particular, so the Court moves to the summary inquiry and pierces the pleadings.

The summary inquiry requires the party alleging improper joinder to "put forward evidence that would negate a possibility of liability on the part of the [improperly joined defendant]." *Travis*, 326 F.3d at 650. Cummins relies on several pieces of evidence to meet its burden. First, Cummins argues that plaintiffs have shaped this case to focus on gasket and friction products.[14] None of the plaintiffs' experts reference products of the type

---

[12]   R. Doc. 1-2 at ¶¶ 7, 14-16.
[13]   *Id.* at ¶ 10.
[14]   R. Doc. 32 at 5.

produced by Taylor-Seidenbach in their testimony.[15] Plaintiffs' witness list similarly does not contain witnesses who could establish a reasonable possibility of proving liability against Taylor-Seidenbach.[16] Cummins also argues that the discovery deadline has passed, as has the deadline to file witness lists. Thus, it argues, plaintiffs cannot put forward new evidence that would establish a reasonable possibility of recovery against Taylor-Seidenbach.[17]

In response, plaintiffs cite an affidavit from another case, given by a former employee of Taylor-Seidenbach, Dwight Corcoran.[18] This affidavit was not included in the discovery materials exchanged by the parties in state court.[19] It lists jobsites at which Corcoran worked with asbestos containing products, some of which Taylor-Seidenbach supplied.[20] Corcoran states in the affidavit that he installed and removed asbestos panels and asbestos trim and grout, and that he worked in proximity to pipe insulators.[21] Michel testified that he visited sites on Corcoran's list in the course of his

---

[15] *Id.* at 6-8.
[16] *Id.* at 8.
[17] R. Doc. 1-49.
[18] R. Doc. 28 at 9; R. Doc. 28-8.
[19] R. Doc. 32 at 11.
[20] R. Doc. 28-8.
[21] *Id.*

employment for Menge Pump & Machinery.[22] Plaintiffs conclude that Corcoran's affidavit supplies a basis to find that he suffered mesothelioma from asbestos exposure to Taylor-Seidenbach products.[23]

This evidence will likely be inadmissible at trial because the discovery deadline has passed.[24] Even if it were admissible, it is insufficient to establish a reasonable chance of prevailing under state law, which requires a plaintiff to show that the defendant's products were a substantial factor in causing his injury. The Corcoran affidavit does not provide evidence that Michel worked with or was exposed to Taylor-Seidenbach's asbestos products. It also does not establish that Taylor-Seidenbach supplied asbestos-containing pipe insulation to the sites on the list. It merely states that Corcoran worked with corrugated asbestos panels, trim, and grout, and separately that he "worked closely with and next to the pipe insulators."[25] Michel testified that he went to the locations Corcoran identifies only occasionally to service standby generators located in their own sheds away from other machinery.[26] There is no evidence before the Court that Michel worked as a pipe insulator at these facilities, or that Taylor-Seidenbach

---

[22] R. Doc. 1-35 at 89.
[23] R. Doc. 28-1 at 8-9.
[24] R. Doc. 1-49.
[25] R. Doc. 28-8 at 2.
[26] R. Doc. 1-35 at 89-92.

provided asbestos pipe insulation there. Indeed, Corcoran does not even state that the pipe insulation at these facilities contained asbestos. At most, the Corcoran affidavit shows that Taylor-Seidenbach had asbestos products in the areas where Corcoran worked at these facilities, and Michel only occasionally worked somewhere on the premises at those same facilities. Judge Carl Barbier denied a motion to remand in a nearly identical case where the plaintiff relied on the same Corcoran affidavit. *See Smith v. Union Carbide Corp.*, No. 13-6323, 2013 WL 6244199, at *5 (E.D. La. Dec. 3, 2013) (holding that plaintiff did not have a reasonable chance of prevailing when he had only worked at the sites named in the Corcoran affidavit for 3-4 weeks). Because Cummins has pointed to evidence that plaintiffs cannot prevail against Taylor-Seidenbach, even with the Corocran affidavit and resolving all ambiguities in their favor, it has met its burden and shown that Taylor-Seidenbach is improperly joined as a defendant in this case.

### B. Removal Was Within the 30-Day Other Paper Deadline

Plaintiffs have focused their attention on the issue of improper joinder. But because they also briefly referenced timeliness of removal, the Court addresses that question as well. Plaintiffs allege that, even if Taylor-Seidenbach is improperly joined, the case must be remanded because

9

removal was untimely.[27] Cummins had thirty days to remove from the date of receipt of "other paper" that allowed it to first ascertain that the case was removable. 28 U.S.C. § 1446(b). Plaintiffs argue that the Court should start the 30-day clock at the end of Michel's deposition on October 4, 2017,[28] because Cummins had an opportunity to cross-examine Michel that day and could have determined the strength of the case against Taylor-Seidenbach through their examination.[29] But Michel's deposition is not determinative, because plaintiffs still had the opportunity at that time to obtain evidence of Taylor-Seidenbach's liability through discovery.

Plaintiffs' last opportunity to obtain additional evidence was on April 5, 2018 when plaintiffs' final witness, Dr. Brent Staggs, was deposed.[30] Neither this deposition nor any previous discovery provided evidence raising a reasonable possibility of recovery against Taylor-Seidenbach. Cummins received the transcript of the Staggs deposition on April 9, 2018.[31] Therefore, this transcript constitutes "other paper" under 28 U.S.C. §

---

[27] R. Doc. 28-1 at 10.
[28] *See* R. Doc. 32-9.
[29] *Id.*
[30] *See* R. Doc. 1-42.
[31] *See* R. Doc. 1-43.

1446(b), and Cummins removed within the statute's 30-day deadline on May 8, 2018.[32]

IV. **CONCLUSION**

For the foregoing reasons, plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, this __28th__ day of August, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[32] *See* R. Doc 1.