UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VICTOR MICHEL, ET AL.                         CIVIL ACTION

VERSUS                                        NO. 18-4738

FORD MOTOR COMPANY, ET AL.                    SECTION "R" (4)


# ORDER AND REASONS

Before the Court is defendants Cummins's and Ford's motion to strike plaintiff's oppositions to their motions *in limine* and motion for summary judgment, and to strike plaintiffs' motion to amend the Court's scheduling order.[1] The Court denies the motion because plaintiffs have demonstrated excusable neglect, and because the motion to amend the Court's scheduling order was timely.

Under the Court's scheduling order, the parties were required to submit all dispositive motions in time for hearing on December 5, 2018.[2] On November 20, 2018, defendants timely filed four expert motions *in limine* and a motion for summary judgment.[3] Under Local Rule 7.5, plaintiffs'

---

1   R. Doc. 80.
2   R. Doc. 53.
3   R. Doc. 66; R. Doc. 67; R. Doc. 68; R. Doc. 69; R. Doc. 70.

responses to these motions were due on November 27, 2018. Plaintiffs filed their responses on November 28, 2018, one day late.

Late oppositions are evaluated under Federal Rule of Civil Procedure 6(b)'s "excusable neglect" standard. *See Vasudevan v. Adm'rs of Tulane Educ. Fund*, 706 F. App'x 147, 151 (5th Cir. 2017); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 (5th Cir. 2006). Courts consider the following factors in evaluating excusable neglect: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams*, 465 F.3d at 162 n.8 (quoting *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir. 1980)). Here, plaintiffs filed their responses only one day late, and proceedings were not delayed. Because defendants timely filed their replies and did not request a one-day continuance of their deadline, they do not appear to have been prejudiced. There is no evidence of bad faith. Plaintiffs have therefore demonstrated excusable neglect.

Next, plaintiffs' motion to amend the Court's scheduling order was not filed late, because the December 5 deadline only applied to dispositive motions and to motions *in limine* regarding the admissibility of expert testimony. A motion to amend a scheduling order is neither a dispositive

2

motion nor a motion *in limine* regarding the admissibility of expert testimony. Plaintiffs were therefore free to file the motion to amend on November 30, and the Court will consider the motion on the merits in its order ruling on defendants' motions *in limine*.

I. **CONCLUSION**

For the foregoing reasons, defendants' motion to strike plaintiffs' responses and their motion to amend the Court's scheduling order is DENIED.

New Orleans, Louisiana, this __27th__ day of December, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE