UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VICTOR MICHEL, ET AL.                        CIVIL ACTION

VERSUS                                       NO. 18-4738

FORD MOTOR COMPANY, ET AL.                   SECTION "R" (4)

# ORDER AND REASONS

Before the Court are: (1) defendants Cummins's and Ford's motion to exclude the expert testimony of Dr. Arnold Brody and Dr. Barry Castleman,[1] and (2) plaintiffs' motion to amend or correct the Court's scheduling order as to their expert disclosure deadline.[2] The Court grants defendants' motion to exclude Dr. Brody and Dr. Castleman and denies plaintiffs' motion to amend the scheduling order because plaintiffs have not shown good cause for their failure to timely disclose Dr. Brody's and Dr. Castleman's expert reports.

---

[1]  R. Doc. 66.
[2]  R. Doc. 82.

## I. BACKGROUND

This case arises out of Victor Michel's alleged asbestos exposure as a result of his work as a mechanic and generator service technician.[3] Michel worked as a parts delivery driver, truck mechanic, generator service technician, and "owner operator" from 1965 to 2005.[4] He filed this action in state court on July 28, 2017, after being diagnosed with mesothelioma.[5] Defendants removed the case to federal court on May 8, 2018.[6] On June 12, 2018, Michel died.[7] The Court substituted his survivors as plaintiffs on July 10, 2018.[8] Defendants have now filed a motion to exclude the expert testimony of plaintiffs' experts, Dr. Arnold Brody and Dr. Barry Castleman.[9] Plaintiffs oppose the motion and have filed their own motion to amend the Court's scheduling order to allow them to disclose Dr. Brody's and Dr. Castleman's expert reports.[10]

---

[3] R. Doc. 1 at 2. A more in-depth discussion of the facts underlying this dispute can be found in the Court's August 28, 2018 order. *See* R. Doc. 34.
[4] R. Doc. 1-2 at ¶ 6.
[5] *Id.*
[6] R. Doc. 1.
[7] R. Doc. 21.
[8] *Id.*
[9] R. Doc. 66.
[10] R. Doc. 76; R. Doc. 82.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure impose disclosure requirements on a party who intends to provide expert testimony. Fed. R. Civ. P. 26. Experts retained by a party must provide an expert report pursuant to Rule 26(a)(2)(B). Expert reports for retained experts must include: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B). Plaintiffs did not disclose expert reports for Dr. Brody or Dr. Castleman until after defendants filed their motion to exclude the experts' testimony.

"When a party fails to timely disclose information required by Federal Rule of Civil Procedure 26(a), 'the party is not allowed to use that information . . . to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless.'" *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016) (quoting Fed. R. Civ. P.

37(c)(1)).  In *Geiserman v. MacDonald*, the Fifth Circuit described four factors to determine whether "to exclude evidence that was not properly designated": (1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification of the scheduling order; (3) the potential prejudice that could result from allowing the modification; and (4) the availability of a continuance to cure that prejudice.  893 F.2d 787, 791 (5th Cir. 1990); *see also Hooks*, 2016 WL 3667134, at *2-5 (applying the *Geiserman* test to a motion *in limine* to exclude expert testimony at trial).

## III.  DISCUSSION

Defendants argue that the Court should exclude plaintiffs' experts Dr. Brody's and Dr. Castleman's testimony because plaintiffs failed to timely disclose their expert reports.[11]  In response, plaintiffs have filed a motion to amend the Court's scheduling order.[12]  They argue that because the Court's existing scheduling order does not list a deadline for their disclosures, they have no disclosure deadline for the reports of Dr. Brody and Dr. Castleman.[13]

Plaintiffs' contention that they did not have a deadline for disclosing these expert reports simply because no deadline was given in the Court's

---

11  R. Doc. 66-1 at 4.
12  R. Doc. 82.
13  R. Doc. 82-1 at 2.

4

scheduling order is simply wrong. Discovery in this case was conducted largely in state court, and the parties' discovery deadline, including for disclosing expert reports, was March 30, 2018.[14] Plaintiffs failed to disclose these reports by that deadline. Then, once defendants removed the case to federal court, the Court held a status conference at which it asked the parties to notify it of any remaining discovery.[15] Plaintiffs did not mention that these reports had yet to be disclosed at that conference. The Court then issued a scheduling order that specifically listed the discovery in which the parties could engage; all other discovery, including disclosure of expert reports, remained closed.[16] Despite this, plaintiffs now seek to disclose these reports over eight months late, and only two months before trial.

Applying the *Geiserman* factors, plaintiffs' give no sound reason for their failure to disclose these reports earlier. Their proposed modification is not of great importance. Plaintiffs will not be prejudiced by the exclusion of these experts, because Dr. Brody and Dr. Castleman's testimony is not essential to plaintiffs' case. Dr. Brody would have testified as to how asbestos causes disease.[17] This testimony is cumulative of and less helpful than the

---

[14] R. Doc. 101 at 3 n.10.
[15] *See* R. Doc. 35.
[16] R. Doc. 53.
[17] R. Doc. 76 at 3.

testimony of Dr. Staggs and Dr. Finkelman, who can both testify more specifically to the way that asbestos affected Michel—namely his mesothelioma diagnosis. Dr. Castleman would have testified to defendants' knowledge of the hazards of asbestos.[18] While plaintiffs do not have another expert who will give a similar opinion, plaintiffs can deal with this issue through examination of the defendants directly or through exhibits. But if the Court were to allow the experts' testimony, defendants would be prejudiced because their time to review these materials and prepare defenses would be drastically shorter than for the other experts. Finally, given that trial is less than two months away, a continuance would cause unnecessary expense and needless delay. Accordingly, defendants' motion to exclude Dr. Brody and Dr. Castleman's testimony is granted, and plaintiffs' motion to amend the scheduling order is denied.

---

18     *Id.*

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to exclude Dr. Brody and Dr. Castleman's expert testimony is GRANTED. Plaintiffs' motion to amend the Court's scheduling order is DENIED.

New Orleans, Louisiana, this __28th__ day of December, 2018.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE