UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR MICHEL | CIVIL ACTION |
| VERSUS | NO. 18-4738 |
| FORD MOTOR COMPANY, ET AL. | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court is defendants Cummins Inc.'s and Ford Motor Company's motion for summary judgment.[1] Because disputed issues of material fact exist as to whether Victor Michel was exposed to asbestos from defendants' products, the Court denies the motion.

### I. BACKGROUND

This case arises out of Victor Michel's asbestos exposure during his work as a mechanic and generator service technician.[2] Michel contracted peritoneal mesothelioma after a career that included performing work as a mechanic on engines and brakes.[3] He filed this action in state court on July 28, 2017, claiming, *inter alia*, that defendants failed to warn him of the

---

[1] R. Doc. 70.
[2] R. Doc. 1 at 2; R. Doc. 70-2 at 1 ¶ 1.
[3] R. Doc. 70-2 at 1 ¶ 1.

hazards of their products, failed to adopt proper safety policies and procedures, failed to provide Michel with a safe work environment, and failed to follow applicable governmental regulations regulating exposure to asbestos.[4] The complaint seeks damages for past, present, and future medical expenses, lost earnings, pain and suffering, mental anguish, physical impairment, disfigurement, loss of quality of life, costs, attorneys fees, and interest.[5]

Defendants removed the case to federal court on May 8, 2018.[6] On June 12, 2018, Michel died.[7] The Court substituted his survivors as plaintiffs on July 10, 2018.[8] Defendants have now filed a motion for summary judgment on the basis that plaintiffs cannot show that their products substantially contributed to Michel's mesothelioma.[9] Plaintiffs oppose the motion.[10]

---

[4] R. Doc. 1-2 at 13-14 ¶ 14.
[5] *Id.* at 17-18 ¶ 21.
[6] R. Doc. 1.
[7] R. Doc. 21.
[8] *Id.*
[9] R. Doc. 70.
[10] R. Doc. 77.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. A dispute about a material fact is genuine "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went

uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.; Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322).

## III. DISCUSSION

Defendants argue jointly that they are entitled to summary judgment because plaintiffs cannot meet their burden of proving that their products caused Michel's mesothelioma if the Court grants defendants' motions *in limine* seeking to exclude plaintiffs' experts Dr. Brody, Dr. Castleman, Dr. Staggs, Dr. Finkelstein, and Mr. Depasquale.[11] But, as explained in the order denying the motions against Dr. Staggs, Dr. Finkelstein, and Depasquale, the Court finds their causation opinions admissible.[12] These experts will testify that the asbestos in defendants' products can cause peritoneal mesothelioma generally, and that Michel's disease was caused by his exposure to defendants' products.[13] In addition, the Court's review of the record in connection with the motions *in limine* reveals that Michel's employment history, medical history, and his testimony regarding the types of tasks he performed at work provide a reliable factual basis for the expert opinions and

---

[11] R. Doc. 70-1 at 3; R. Doc. 95 at 1-2. Defendants also argue that plaintiffs' experts improperly relied on certain studies in their causation opinions. *See* R. Doc. 70-1 at 19-21. In addition to failing to specify exactly which opinions or sources they find unreliable, defendants' arguments are inappropriate for a summary judgment motion, in which the Court does not evaluate the credibility of witness opinions or testimony. *See Delta & Pine Land*, 530 F.3d at 398-99 (explaining that courts must "refrain from making credibility determinations or weighing the evidence" on summary judgment).
[12] R. Doc. 124.
[13] *See id.*; R. Doc. 77-5; R. Doc. 77-3.

create a disputed issue of material fact as to whether Michel was exposed to asbestos from defendants' products that substantially contributed to his mesothelioma. Michel testified to servicing automotive brakes on mostly Ford trucks during his time at Gulf Bottlers and Crescent Ford,[14] and he testified to replacing gaskets on Cummins and Onan engines during his time at Menge Pump.[15] Dr. Finkelstein and Depasquale opine that these activities would have exposed Michel to significant amounts of asbestos.[16] The premise of defendants' argument for summary judgment having failed, the Court denies defendants' motion for summary judgment.

Cummins alone argues that plaintiffs have not met their burden of proving that Michel was exposed to levels of asbestos from Cummins or Onan products sufficient to make its products a substantial cause of his mesothelioma.[17] To prove its case against Cummins and Onan, plaintiffs must show "that [Michel] was exposed to asbestos from the defendant's products and that he received an injury that was substantially caused by that exposure." *Robertson v. Doug Ashy Bldg. Mats., Inc.*, 77 So. 3d 360, 371 (La.

---

[14] R. Doc. 77-6 at 49-50.
[15] *Id.* at 96.
[16] R. Doc. 77-5 at 4-8; R. Doc. 77-3 at 7-15.
[17] R. Doc. 70-1 at 12-14, 18. Cummins has acquired Onan since Michel's alleged asbestos exposure. *See* R. Doc. 70-11 at 38.

6

App. 1 Cir. 2011) (citing *Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1088 (La. 2009)).

Michel testified that he often worked with Cummins and Onan products, and, specifically, that he rebuilt many Onan diesel engines from scratch,[18] performed maintenance on Cummins engines on Onan generators,[19] and scraped, sanded, and replaced Cummins gaskets.[20] Cummins' corporate representative testified that some of Cummins's and Onan's gaskets contained asbestos during the time that Michel was working with their products as a mechanic.[21] In addition, plaintiffs' will present expert testimony that Michel's work with gaskets, much of which involved Cummins and Onan products, exposed him to asbestos.[22] This evidence is sufficient to create a material factual dispute as to whether Michel was exposed to asbestos from Cummins and Onan products. *See id.* at 374 ("[P]laintiffs' failure to offer affirmative evidence pinpointing a specific product, at a specific time, and at a specific location, to which [plaintiff] had been exposed, does not entitle [a defendant] to summary judgment.").

---

[18] R. Doc. 77-6 at 399-400.
[19] *Id.* at 396.
[20] *Id.* at 401-402, 429-431.
[21] R. Doc. 70-11 at 47-48, 62, 97; *see also id.* at 113 (citing a study concluding that one in every eight Cummins gaskets from this period contained asbestos).
[22] R. Doc. 77-5 at 7-8.

On the issue of causation, plaintiffs will present expert testimony that exposure to these products was a substantial causative factor in Michel's mesothelioma.[23] Whether to credit this testimony is a question of fact for the jury. *Id.* at 375 ("Whether a particular exposure constitutes a substantial contributing factor in the development of the disease of mesothelioma is a question of fact."). Thus, whether Michel's exposure to asbestos from Cummins or Onan products substantially contributed to his mesothelioma raises a material issue of fact that precludes summary judgment.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is DENIED.

New Orleans, Louisiana, this __7th__ day of January, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[23] *See* R. Doc. 77-3.