UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VICTOR MICHEL                                    CIVIL ACTION

VERSUS                                           NO. 18-4738

FORD MOTOR CO., ET AL.                           SECTION "R" (4)


# ORDER AND REASONS

Before the Court is plaintiffs' motion to amend their complaint to add premise and employer liability claims, as well as survival and wrongful death claims.[1] Because plaintiffs have shown good cause and any prejudice to defendants is cured by a continuance, the Court grants the motion.

## I. BACKGROUND

This case arises out of Victor Michel's asbestos exposure during his work as a mechanic and generator service technician.[2] Michel contracted peritoneal mesothelioma after a career that included performing work as a mechanic on engines and brakes.[3] He filed this action in state court on July 28, 2017 against Ford Motor Company and many other asbestos suppliers,

---

[1] R. Doc. 174-2.
[2] R. Doc. 1-2 at 10-12 ¶¶ 6, 10; R. Doc. 134 at 15.
[3] *Id.*

claiming negligence and that defendants' products were unreasonably dangerous.[4] Defendants removed the case to federal court on May 8, 2018.[5] On June 12, 2018, Michel died.[6] The Court substituted his survivors as plaintiffs on July 10, 2018.[7] As of January 25, 2019, the only defendant remaining in the case is Ford. Plaintiffs have filed a motion seeking to amend their complaint.[8] Ford opposes the motion except as to plaintiffs' survival claims.[9]

## II. LEGAL STANDARD

A party seeking to amend its complaint after the deadline for amendments to pleadings in the Court's scheduling order must show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b). *S&W Enters., LLC. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 53-36 (5th Cir. 2003). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* at 535 (quoting 6A Charles Alan Wright et al.,

---

[4] R. Doc. 1-2 at 13-14 ¶ 14.
[5] R. Doc. 1.
[6] R. Doc. 21.
[7] *Id.*
[8] R. Doc. 174.
[9] R. Doc. 179.

Federal Practice and Procedure § 1522.1 (2d ed. 1990)). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). The Court's "judgment range is exceedingly wide" when making scheduling decisions, for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000)). Courts specifically consider "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)) (alternations in original).

If the Court finds that plaintiff has demonstrated good cause to modify the scheduling order, it then applies the more liberal standard of Federal Rule of Civil Procedure 15(a) to determine whether to grant the motion. *Id.* Under Rule 15(a), the Court "freely give[s] leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper

3

subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

### III. DISCUSSION

#### A. Survival and Wrongful Death Claims

Plaintiffs seek to amend their complaint to add survival and wrongful death claims that arose when Victor Michel died on June 12, 2018.[10] Ford has been on notice of these claims from the time that the Court substituted Michel's survivors as plaintiffs on July 10, 2018.[11] In addition, Ford does not contest plaintiffs' request to amend its complaint to add these claims on the basis of Rule 16(b).[12] The claims are essential to plaintiffs' case. The Court therefore finds good cause to amend the Court's scheduling order under Rule

---

10     *See* R. Doc. 174-1 at 3-4.
11     *See* R. Doc. 21.
12     *See* R. Doc. 179 at 1 n.5.

16(b), and it finds that allowing plaintiffs to add these claims is in the interest of justice under Rule 15(a).

Ford argues that plaintiffs' wrongful death claims are barred by the Louisiana Worker's Compensation Act (LWCA).[13] A "wrongful death action does not arise until the victim dies," *Taylor v. Giddens*, 618 So. 2d 834, 840 (La. 1993), and mesothelioma is a covered disease under the current LWCA. *See Austin v. Abney Mills, Inc.*, 824 So. 2d 1137, 1140 (La. 2002). But whether Michel was covered by the LWCA depends on whether he was Ford's statutory employee. Ford contests whether Michel was indeed its employee.[14] The Court therefore cannot definitively say whether the wrongful death claims are barred by the LWCA. Accordingly, the Court grants plaintiffs leave to add wrongful death claims.

### B. Employer Liability and Premises Liability Claims

Plaintiffs argue that they should be allowed to amend the petition to add employer liability and premises liability claims because plaintiffs only learned of Ford's ownership of the business where Michel was employed

---

[13] *Id.* at 16.
[14] *See* R. Doc. 179 at 17-18 ("Plaintiffs appear to confuse Ford's ownership of the stock of the legal entity 'Crescent Ford Trucks Sales, Inc.' with Ford's ownership and operation of the actual building and employment of the people who worked there.")

5

partway through discovery.[15] Ford argues that allowing plaintiffs to add strict liability premise and employer liability claims at this stage of the case would be prejudicial because Ford has not prepared its case to defend these claims.[16]

The Court recognizes that premises claims may require discovery on issues beyond the scope of product liability claims. But these claims are important to plaintiffs' case, and prejudice to Ford can be cured by a continuance to allow an opportunity for additional discovery. The Court therefore finds good cause to modify the scheduling order under Rule 16(b). In addition, the Court finds no evidence of bad faith or dilatory motive, and it finds that plaintiffs have shown a strong factual basis for the claims. Plaintiffs ought to be afforded an opportunity to test these claims on the merits under Rule 15(a).

The stipulation that the parties entered into on October 26, 2017, which states that plaintiffs are asserting "a product liability cause of action against Ford," does not prohibit this amendment.[17] Plaintiffs explicitly "reserve[d] the right to amend the Petition . . . in the event that discovery

---

[15] R. Doc. 174-2 at 2.
[16] R. Doc. 179 at 13.
[17] R. Doc. 179-1 at 1.

reveal[ed] the basis for additional allegations pertaining to Ford."[18] The parties' stipulation explicitly contemplates the discovery of information giving rise to new claims, and allows plaintiffs' the opportunity to amend. Plaintiffs' are entitled to exercise their rights under that provision of the agreement. While Ford shaped its defense to respond to plaintiffs' product liability claims up to this point, the Court has continued the trial date to allow Ford adequate time to investigate and defend against the new claims. Amendment is therefore appropriate despite the parties' stipulation.

Finally, Ford argues that amendment is futile because it did not own Crescent Ford where Michel worked, and it thus cannot be held liable as an employer or premise defendant. The Court cannot assess the merits of this argument without additional facts and legal briefs by both parties. Consideration of these materials is beyond the scope of a motion to amend, for which the Court evaluates the futility of amendment under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). At the motion to dismiss stage under Rule 12(b)(6), the Court must take all facts alleged as true. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009).

---

[18]     *Id.*

7

Ford acknowledges that "a Rule [12](b)(6) motion is not the appropriate procedural vehicle" to evaluate whether Ford owned Crescent Ford.[19] It is equally inappropriate for the Court to consider these arguments when evaluating futility of amendment.

### C. Strict Product Liability Claims

Finally, Ford argues that plaintiffs have not pled any strict liability claims against it.[20] But plaintiffs' original petition for damages alleges that Victor Michel was exposed to asbestos-containing products "manufactured, sold, designed, supplied, distributed, mined, milled, re-labeled, re-sold, processed, applied, or installed" by defendants.[21] The petition provides that, when inhaled or ingested, asbestos causes irreparable and progressive damage that can result in mesothelioma and other cancers,[22] and that plaintiff suffered mesothelioma as a result of exposure to defendants' asbestos products during the court of his work.[23] The petition further provides that "[t]he products manufactured, distributed, supplied, sold, and/or used by the Defendants were defective, unreasonably dangerous, and

---

[19] R. Doc. 179 at 16.
[20] R. Doc. 179 at 9.
[21] R. Doc. 1-2 at 9 ¶ 2.
[22] *Id.* at 11 ¶ 8.
[23] *Id.* at 12 ¶ 10.

understandably dangerous per se to Petitioner."[24] It then lists the defects of the products as, *inter alia*, "unreasonably dangerous per se," and "inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems."[25]

These allegations adequately assert strict product liability claims against Ford and the other defendants named in the petition. Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a). The Supreme Court has interpreted this standard to require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But "factual allegations alone may state a claim for relief—even without referencing the precise legal theory (or statute) upon which the plaintiff seeks relief." *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 854 (5th Cir. 2018).

Plaintiffs plausibly alleged that Ford's products were unreasonably dangerous per se, which Ford itself identifies as a strict liability claim under the applicable Louisiana law.[26] *See Halphen v. Johns-Manville Sales Corp.*,

---

[24] *Id.* at 16 ¶ 18.
[25] *Id.*
[26] R. Doc. 179 at 9.

484 So. 2d 110, 115-16 (La. 1986). The Court therefore finds that plaintiffs adequately pleaded strict products liability claims in the original petition for damages.[27] Because Ford was on notice of plaintiffs' strict liability claims from the moment the case was filed, the Court will not re-open discovery on this issue.

IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion is GRANTED.

New Orleans, Louisiana, this __20th__ day of February, 2019.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[27] The Court also notes that this action was filed in Louisiana state court and was not removed to federal court until after the close of discovery. Louisiana operates under a system of fact pleading, such that plaintiffs must plead only the facts giving rise to their claims, and need not state the legal claims they intend to pursue. *See* La. Code Civ. Proc. Ann. art. 854, 891; *Montalvo v. Sondes*, 637 So. 2d 127, 131 (La. 1994) ("Louisiana retains a system of fact pleading."). Thus, as a practical matter, Ford was on notice for more than nine months in state court that plaintiffs could pursue both strict liability and negligence claims when Michel alleged that their products were unreasonably dangerous. *See Robertson v. W. Carroll Ambulance Serv. Dist.*, 892 So. 2d 772, 777 (La. App. 2 Cir. 2005) ("Under the fact pleading utilized in Louisiana, a party may be granted any relief to which he is entitled under the pleadings and the evidence so long as the facts constituting the claim are alleged.").