UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VICTOR MICHEL                                    CIVIL ACTION

VERSUS                                           NO. 18-4738

FORD MOTOR CO., ET AL.                           SECTION "R" (4)

# ORDER AND REASONS

Before the Court are: (1) Ford's motion to quash plaintiffs' subpoena directing Matthew Fyie to appear and testify at trial;[1] (2) plaintiffs' motion for leave to designate deposition testimony of Matthew Fyie;[2] and (3) Ford's motion to strike plaintiffs' untimely objections to Ford's counterdesignations of Victor Michel's deposition testimony.[3] The Court resolves the motions as follows.

## I.     BACKGROUND

This case arises out of Victor Michel's asbestos exposure during his work as a mechanic and generator service technician.[4] Michel contracted peritoneal mesothelioma after a career that included performing work as a

---

[1]    R. Doc. 171.
[2]    R. Doc. 194.
[3]    R. Doc. 202.
[4]    R. Doc. 1-2 at 10-12 ¶¶ 6, 10; R. Doc. 134 at 15.

mechanic on engines and brakes.[5] He filed this action in state court on July 28, 2017 against Ford Motor Company and many other asbestos suppliers, claiming negligence and that defendants' products were unreasonably dangerous.[6] Defendants removed the case to federal court on May 8, 2018.[7] On June 12, 2018, Michel died.[8] The Court substituted his survivors as plaintiffs on July 10, 2018.[9] As of January 25, 2019, the only defendant remaining in the case is Ford.

In anticipation of trial, which was scheduled for February 19, 2019, the parties issued subpoenas and designated deposition testimony. On February 13, 2019, the Court continued trial to allow plaintiffs to amend their complaint.[10] Before trial was continued, Ford sought to have plaintiffs' subpoena to Matthew Fyie quashed because Mr. Fyie is beyond the Court's subpoena power, and because plaintiffs did not abide by the requirements of Federal Rule of Civil Procedure 45.[11] Plaintiffs opposed the motion,[12] and they also sought to designate deposition testimony of Mr. Fyie.[13] Ford

---

[5] *Id.*
[6] R. Doc. 1-2 at 13-14 ¶ 14.
[7] R. Doc. 1.
[8] R. Doc. 21.
[9] *Id.*
[10] R. Doc. 201.
[11] R. Doc. 171.
[12] R. Doc. 178.
[13] R. Doc. 194.

opposed the motion to designate Mr. Fyie's deposition testimony.[14] Ford also sought to strike plaintiffs' objections to its counterdesignations to Mr. Michel's deposition testimony because they were not timely filed.[15]

## II. DISCUSSION

### A. Motion to Quash Subpoena Issued to Matthew Fyie

Ford argues that plaintiffs cannot subpoena Matthew Fyie to testify at trial because he is outside of the Court's subpoena power.[16] A party may subpoena a witness to attend and testify at trial only within one hundred miles of where the person resides, is employed, or regularly conducts business in person. Fed. R. Civ. P. 45(c)(1)(A). A court must quash or modify a subpoena that does not adhere to these geographical limits. Fed. R. Civ. P. 45(d)(3)(A)(ii).

Matthew Fyie resides in Michigan,[17] which is more than one hundred miles from the location of trial. The Advisory Committee Notes to the 2013 amendments to Rule 45 provide, "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100

---

[14] R. Doc. 199.
[15] R. Doc. 202.
[16] R. Doc. 171-1 at 1.
[17] *Id.* at 2.

3

miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." There is no evidence that Mr. Fyie resides, is employed, or regularly conducts business in person in Louisiana. Fyie is clearly beyond the reach of the Court's subpoena power under Rule 45(c). *See Fradella v. Coca-Cola Co.*, No. 17-9622, 2018 WL 3455707, at *2-*3 (E.D. La. Jul. 18, 2018) (quashing subpoena for the testimony of corporate representative when the subpoenaed business was headquartered more than one hundred miles from the place of trial); *see also Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 222 (E.D. La. 2008) (quashing subpoenas for witnesses who resided more than one hundred miles from the place of trial).

Plaintiff argues that because Mr. Fyie was listed as "c/o Janika D. Polk, Kuchler Polk Weiner, LLC" on Ford's witness list, he therefore may be served under Rule 45(c) because the offices of Kuchler Polk Weiner are in New Orleans.[18] But where a person's attorney is located has no bearing on the Court's subpoena power. Mr. Fyie does not reside at Kuchler Polk Weiner, nor does he work at, or regularly conduct business at the law firm's office. Indeed, plaintiffs deposed Mr. Fyie in Michigan only four months ago.[19] Plaintiffs' argument has no merit and displays a disturbing unfamiliarity

---

18   R. Doc. 178 at 3-4.
19   R. Doc. 193 at 2.

4

with the Federal Rules of Civil Procedure. Accordingly, the Court grants Ford's motion to quash the trial subpoena.

### B. Motion for Leave to Designate Deposition Testimony of Matthew Fyie

Plaintiffs seek to designate deposition testimony of Matthew Fyie.[20] Ford opposes this motion because plaintiffs did not file these designations before their deadline under the Court's pretrial preparations and procedures.[21]

Under Federal Rule of Civil Procedure 16(b)(4), a court may modify the deadlines in its scheduling order "for good cause." Fed. R. Civ. P. 16(b)(4). In deciding whether to amend the scheduling order to allow a late filing, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000)). To determine whether good cause exists for the Court to modify the scheduling order, the Court evaluates the following factors: "(1) the explanation for the failure to [designate the deposition testimony]; (2) the importance of the testimony; (3) potential prejudice in allowing the

---

[20] R. Doc. 194.
[21] R. Doc. 199.

5

testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

Here, plaintiffs did not designate deposition testimony for Mr. Fyie because they erroneously assumed that they could subpoena him to testify live. There is no evidence of bad faith or dilatory motive. The testimony is important to plaintiffs' case because plaintiffs seek to use Mr. Fyie's testimony to establish that Ford products contained asbestos.[22] Finally, there is little prejudice to Ford, because the Court has continued trial. All factors therefore weigh in favor of modifying the scheduling order to allow plaintiffs to submit their designations. Accordingly, plaintiffs' motion is granted. Plaintiffs shall submit their designations within 30 days of the entry of this order.

### C. Motion to Strike Plaintiffs Late Objections to Ford's Counterdesignations of Victor Michel's Deposition Testimony

Finally, Ford seeks to strike plaintiffs' memorandum objecting to Ford's counterdesignations to Michel's deposition testimony because the memorandum was not timely filed, and because plaintiffs failed to comply

---

[22] *See* R. Doc. 194-1 at 2.

with the Court order that the parties attempt to resolve objections to testimony before filing them.[23]

The Court's Pretrial Notice states that the parties must, "in good faith, attempt to resolve all objections to testimony so that the Court will be required to rule only on those objections to which they cannot reach an agreement as to their merit."[24] It also provides that memoranda on unresolved objections, unless otherwise stated, are due five business days before trial.[25] Plaintiffs submitted seven pages of unnumbered objections to Ford's counterdesignations to Victor Michel's deposition testimony on February 12, 2019, four business days before trial.[26] Although plaintiffs labelled these objections as "unresolved," plaintiffs did not, as the Court's Pretrial Notice explicitly requires, attempt to resolve these objections by meeting with Ford before filing them with the Court.[27] Instead, plaintiffs failed to notify Ford of their intent to file objections to its counterdesignations, and they filed the objections directly into the record after the Court's deadline.

---

[23] R. Doc. 202.
[24] *See* R. Doc. 53-1 at 3; *see also* R. Doc. 53 at 5 (requiring the parties to meet after the pretrial conference "to attempt to resolve all remaining objections and arrive at all possible stipulations").
[25] R. Doc. 53-1 at 3, 9-10.
[26] R. Doc. 196.
[27] *See* R. Doc. 202-1 at 3.

7

As already stated, the Court can modify its scheduling order only for "good cause" under Rule 16(b). Fed. R. Civ. P. 16(b)(4). The Court does not find that good cause exists to allow plaintiffs' late objections under the *Geiserman* factors. Under the first factor, plaintiffs provided no explanation for their late filing or failure to meet and confer before they filed the objections. In addition, plaintiffs have continually disregarded the Court's deadlines in this case, despite the Court's repeated warnings and admonitions. Moving to the second factor, the objections are of limited importance because plaintiffs have already had the opportunity to designate the portions of Mr. Michel's testimony that they wish to present at trial. And finally, the third and fourth factors also weigh against allowing the objections. Ford is prejudiced by plaintiffs' late submission, because plaintiffs had more time to object to Ford's designated testimony than Ford had to object to their testimony. The Court's continuance of the trial date will not cure this prejudice because the Court has frozen all evidence and motions except on the new claims being added in the amended complaint. Neither Ford nor plaintiffs will be permitted to file additional objections to these designations. The Court finds that plaintiffs have not shown good cause to modify the Court's Pretrial Notice. Accordingly, defendant's motion to strike plaintiffs' objections is granted.

## III. CONCLUSION

For the foregoing reasons, Ford's motion to quash is GRANTED. Plaintiff's motion for leave to designate deposition testimony is GRANTED. Plaintiffs shall submit Mr. Fyie's deposition designations within 30 days. Ford's motion to strike plaintiffs' objections to its counterdesignations is GRANTED.

New Orleans, Louisiana, this __20th__ day of February, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE