UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR MICHEL | CIVIL ACTION |
| VERSUS | NO. 18-4738 |
| FORD MOTOR CO., ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant Ford Motor Company's motion to dismiss plaintiffs' wrongful death claims.[1] Because plaintiffs may plead alternative claims, the Court denies the motion except to the extent that plaintiffs have alleged a wrongful death employer liability claim, which is barred.

## I. BACKGROUND

This case arises out of Victor Michel's asbestos exposure during his work as a mechanic and generator service technician.[2] Michel contracted peritoneal mesothelioma after a career that included performing work as a mechanic on engines and brakes.[3] He filed this action in state court on July

---

1   R. Doc. 209.
2   R. Doc. 1-2 at 10-12 ¶¶ 6, 10; R. Doc. 134 at 15.
3   *Id.*

28, 2017 against Ford Motor Company and many other asbestos suppliers, claiming negligence and that defendants' products were unreasonably dangerous.[4] Defendants removed the case to federal court on May 8, 2018.[5] On June 12, 2018, Michel died.[6] The Court substituted his survivors as plaintiffs on July 10, 2018.[7] As of January 25, 2019, the only defendant remaining in the case was Ford. On February 20, 2019, the Court granted plaintiffs leave to amend their complaint.[8] Plaintiffs filed an amended complaint on the same day.[9]

Ford has now filed a motion to dismiss plaintiffs' wrongful death claims as alleged in the amended complaint.[10] Plaintiffs oppose the motion.[11]

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

---

[4]  R. Doc. 1-2 at 13-14 ¶ 14.
[5]  R. Doc. 1.
[6]  R. Doc. 21.
[7]  *Id.*
[8]  R. Doc. 203.
[9]  R. Doc. 204.
[10] R. Doc. 209.
[11] R. Doc. 214.

*v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the party pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the nonmoving party. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the party's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

In their amended complaint, plaintiffs have alleged claims against Ford for: (1) general negligence under Louisiana Civil Code article 2315; (2) employer liability in Ford's capacity as Victor Michel's employer under Louisiana Revised Statute 23:13; (3) *garde* or premises liability in Ford's capacity as the owner of the premises on which Michel worked while employed at Crescent Ford under Louisiana Civil Code article 2317; and (4) product liability claims sounding in negligence and strict liability in Ford's capacity as the manufacturer of asbestos containing products.[12] For each of these claims, plaintiffs seek to recover under a survival cause of action as codified in Louisiana Civil Code, Article 2315.1, and under a wrongful death cause of action as codified in Louisiana Civil Code, Article 1215.2.[13]

In a survival action, plaintiffs can recover as surviving beneficiaries for losses suffered by Michel before his death, such as medical expenses and his pain and suffering. La. Civ. Code, art 2315.1; 18 La. Civ. L. Treatise, Civ. Jury Instr. § 18:13 (3d ed. 2018). In a wrongful death action, plaintiffs can recover for their own losses suffered as a result of Michel's death, such as damages for loss of love, affection, and companionship, and damages for grief and

---

[12] *See* R. Doc. 1-2; R. Doc. 204.
[13] *Id.* at 6 ¶ 20(a).

4

anguish. La. Civ. Code, art. 2315.2; 18 La. Civ. L. Treatise, Civ. Jury Instr. § 18:14 (3d ed. 2018). To recover damages under either theory—survival or wrongful death—plaintiffs first must prove Ford's liability on one of the underlying claims. The types of actions that plaintiffs have chosen to bring dictate the types of damages that they can receive if liability is shown.

Relying on plaintiffs' allegations in the amended complaint that Ford was Michel's employer, Ford argues that all of plaintiffs' wrongful death claims—for negligence, employer liability, premises liability, and products liability—are barred by the Louisiana Worker's Compensation Act (LWCA), La. R.S. § 23:1031, *et seq.*[14] Ford's argument is valid only to the extent that Michel was Ford's employee. This follows because if Michel were not Ford's employee, the LWCA would not apply to his or plaintiffs' claims. In that case, plaintiffs could assert viable wrongful death claims against Ford as the manufacturer of asbestos-containing products, or as the owner of the premises in which Michel worked. And the LWCA would never bar plaintiffs' employer liability claim based on a survival cause of action, because this claim arose before the LWCA covered Mesothelioma.

The LWCA provides the exclusive remedy for an employee injured by the negligent acts of his employer when those injuries arise out of and in the

---

[14]    *See* R. Doc. 209.

5

course of employment. *See* La. R.S. 23:1031 and 23:1032 ("[T]he rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages . . . ."); *Vallery v. S. Baptist Hosp.*, 630 So. 2d 861, 863 (La. App. 4 Cir. 1995); *Duncan v. Wal-Mart La., L.L.C.*, 863 F.3d 406, 408 n.1 (5th Cir. 2017). Therefore, the LWCA provides a statutory defense to tort claims from employees injured on the job. But, in Louisiana asbestos cases, the Court must apply the law in effect at the time that plaintiffs' tort claims arose. *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1066-68 (La. 1992). Plaintiffs' claims under a survival cause of action arose when Michel was allegedly exposed to asbestos, which plaintiffs assert was in the late 1960s. *Taylor v. Giddens*, 618 So. 2d 834, 840 (La. 1993) ("The survival action comes into existence simultaneously with the existence of the tort . . . ."). Conversely, plaintiffs' wrongful death claims arose upon Michel's death, which occurred on June 12, 2018. *Id.* ("A wrongful death action does not arise until the victim dies."). Thus, plaintiffs' survival action and their wrongful death action are governed by two different versions of the LWCA.

Mesothelioma has been a covered disease under the LWCA since 1975, so mesothelioma-related tort claims arising from an employment

6

relationship after 1975 are barred. *See Austin v. Abney Mills, Inc.*, 824 So. 2d 1137, 1140 (La. 2002). This bar applies to all claims, other than for intentional acts, that arise in the context of an employment relationship. *See* La. R.S. 23:1032. If Michel was in an employment relationship with Ford, then any tort claims that arose after 1975—namely, plaintiffs' wrongful death claims—are barred by the Act. *Walls*, 740 So. 2d at 1274-75 (holding that a wrongful death action is governed by the version of the LWCA in effect at the time of death, rather than the law in effect at the time of the conduct that eventually caused the death, because it "is not a derivative cause of action").

In the amended complaint, plaintiffs refer to Ford as the "Employer/Premise Defendant" multiple times.[15] Plaintiffs also include the following allegation:

> The Employer/Premise Defendant, Ford Motor Company, is liable to Plaintiffs under Louisiana Civil Code article 2317 in effect during Victor Michel's employment at Crescent Ford Truck for its care, custody, and control of the asbestos-containing products installed, removed, sold and/or supplied, and otherwise manipulated by Victor Michel or in his presence.[16]

A fair reading of this language indicates that plaintiffs have alleged Michel's employer status as an alternative theory. Plaintiffs have alleged both employer liability and premises liability claims, depending on whether

---

[15]  *See* R. Doc. 204 at 1 ¶ 1, 2 ¶ 14, 5 ¶ 16.
[16]  *Id.* at 5 ¶ 16.

7

Michel was Ford's employee and/or whether Ford owned the building where Michel worked. Plaintiffs may plead both claims even if they are inconsistent or permit or deny different relief.

It is well established that the Federal Rules of Civil Procedure allow a plaintiff to plead alternative theories of recovery, even if those theories are inconsistent or are based on inconsistent allegations of fact. Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). *See also Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 674 (5th Cir. 2003) ("Plaintiffs are permitted to plead in the alternative."); Wright & Miller, 5 Fed. Prac. & Proc. § 1283 (3d ed. 2019) ("The present practice under Rule 8(d)(2) permits a party to seek inconsistent remedies in a claim for relief without being required to elect between them at the pleading stage of the litigation."). "Until an action has actually reached the point of entering a judgment, Rule 8 allows a plaintiff to explore alternative, mutually exclusive theories." *Laurence v. Atzenhoffer Chevrolet*, 281 F. Supp. 2d 898, 900 (S.D. Tex. 2003). Otherwise, plaintiffs would have to guess at whether Michel was Ford's employee before obtaining all of the facts relevant to this determination. If their initial guess as to his employment status were incorrect, they could lose their right to assert valid claims. *See* Wright & Miller, 5 Fed. Prac. & Proc. § 1283 (3d ed. 2019)

(explaining that Rule 8 was drafted to avoid situations in which "valid claims by a pleader who was legitimately uncertain as to the relevant facts or the governing principles of law were sacrificed on the altar of technical consistency.").

Given that plaintiffs have alleged their employer liability claim in the alternative, the only claims that are subject to dismissal are any wrongful death claims against Ford in its capacity as Michel's employer. Ford's argument that plaintiffs are asserting only employment based claims does not comport with the allegations in the complaint. Plaintiffs' use of a forward slash between the terms "employer" and "premises" in the amended complaint can reasonably be read to assert alternative claims of employment or premises liability. Thus, to the extent that plaintiffs have alleged an employer liability wrongful death claim, this claim is barred and must be dismissed. A premises liability wrongful death claim is not subject to dismissal.

Ford argues that plaintiffs' references to Ford as Michel's employer do not constitute alternative claims because "nothing in Plaintiffs' Amended Complaint indicat[es] that their allegation that Ford was Mr. Michel's employer is plead [sic] in the alternative."[17] This argument is unavailing

---

[17] R. Doc. 218 at 1.

because a plaintiff "'need not use particular words to plead in the alternative' as long as 'it can be reasonably inferred that this is what [it was] doing.'" *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 536 (S.D.N.Y. 2002) (quoting *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000)); *see also Coleman v. Standard Life Ins. Co.*, 288 F. Supp. 2d 1116, 1119-20 (E.D. Cal. 2003) ("[T]hat the complaint in this case does not explicitly designate the ERISA and contract law actions as having been plead in the alternative is not dispositive."). Plaintiffs have alleged that Ford is an "Employer/Premises" defendant.[18] These are two separate grounds for liability that do not both require proof that Ford was Michel's employer. Plaintiffs may recover under a premises wrongful death claim if Ford was not Michel's employer, but they cannot recover tort damages for wrongful death at all if Ford was his employer.[19] The Court therefore reads the complaint as pleading either or both claims depending on the facts disclosed during discovery. *See Pair-A-Dice Acquisition Partners, Inc. v. Bd. of Trs. of Galveston Wharves*, 185 F. Supp. 2d 703, 708 n.6 (S.D. Tex. 2002) (assuming an intent to plead an alternative theory of recovery based on the nature of the allegations when plaintiff did not specifically identify the claim by name or state an intention

---

[18] R. Doc. 204 at 1 ¶ 1.
[19] Michel's employment status does not affect plaintiffs' separate survival claims for employer and premise liability.

to plead it in the alternative). If, as Ford argues, plaintiffs intended to allege that Ford's only status was as Michel's employer, there would be no need to make a premises claim. Plaintiffs' allegation that Ford is an "employer/premises" defendant must be read as evincing an intent to plead alternative claims.

Therefore, Ford's motion is granted only to the extent that plaintiffs assert wrongful death claims against Ford as Michel's employer.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion is DENIED, except as to plaintiffs' wrongful death employer liability claim, which is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __23rd__ day of May, 2019.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE