UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NORBERT MICHEL, ET AL.** | § | Civil Action No. 18-cv-04738 |
| | § | |
| **Plaintiffs** | § | |
| | § | JUDGE: WENDY B. VITTER |
| vs. | § | |
| | § | |
| **FORD MOTOR COMPANY, ET AL.** | § | MAGISTRATE: KAREN WELLS |
| | § | ROBY |
| **Defendants** | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDED COMPLAINT**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through the undersigned counsel, come Plaintiffs, Vickie Michel, Norbert Michel and Keith Michel, who respectfully move this Honorable Court for an order granting this motion for leave to file an amended complaint. For the reasons stated more fully below, Plaintiffs assert that the requested amendment is necessary for the full adjudication of this matter and is not sought to delay these proceedings or prejudice any party. To that end, Plaintiffs request this Court grant this motion for leave. Plaintiffs sought the consent of Ford Motor Company to the amendment of Plaintiffs' complaint, and Ford Motor Company does not consent to this amendment.

**I.    FACTUAL BACKGROUND**

This matter is an asbestos personal injury suit involving Victor Michel, decedent's, development and death from mesothelioma caused by his exposure to asbestos. This suit was filed

1

in state court against Ford Motor Company where it was alleged that Victor Michel was employed at Crescent Ford Truck between 1967 and 1968 as a service mechanic and was exposed to asbestos found in brake linings manufactured, sold and/or supplied by Ford Motor Company.

A brief procedural history follows: Cummins, Inc., a defendant that has since been dismissed from this suit, removed this matter to this Honorable Court on May 8, 2018. R. Doc. 1. On July 24, 2018, Plaintiffs, the children of decedent, filed a Motion to Remand, which was subsequently denied by the Honorable Judge Sarah Vance on August 28, 2018. R. Doc. 28 and R. Doc. 34. Judge Vance subsequently entered a Case Management Order governing the orderly disposition of this case to trial. R. Doc. 53. Trial was set to begin on February 19, 2019. Prior to the original trial date, Plaintiffs resolved this matter against all remaining defendants except for Ford Motor Company.

Prior to trial, Plaintiffs sought leave to file a First Supplemental and Amended Complaint. Plaintiffs' motion was granted, and the First Supplemental Amended Complaint was filed. This amended complaint alleged premise and employer liability claims against Ford Motor Company. The purpose of this amendment was to conform the pleadings to the evidence. The evidence showed that Ford owned Crescent Ford Truck and hence Plaintiffs were entitled to assert premises liability and employer liability claims against it.

After granting Plaintiffs' motion for leave to amend their complaint, Judge Vance continued the February 19, 2019 trial to allow the parties time to conduct discovery regarding Plaintiffs' claims of employer and premises liability raised against Ford. The new trial date of March 3, 2020 was given, and a new trial order was entered on April 11, 2019. The Court's order allowed for discovery on the issues of employer and premises liability claims only. It prohibited the filing of any amended pleadings or amended complaints. R. Doc. 227, at 2.

A central issue with respect to Plaintiffs' premise and employer liability claims is who owned Crescent Ford Truck Sales – the premise. Ford Motor Company indicated in written discovery that it possessed a 100% ownership interest in Crescent Ford between 1967 and 1968.[1] Moreover, when questioned about the owner of Crescent Ford Truck, Ford's corporate representative, Matthew Fyie, offered testimony on this issue, which testimony is sealed per court but the relevant portions are found at page 38, lines 11-25 of Mr. Fyie's deposition.[2]

In conducting discovery since Plaintiffs' amended complaint and since the court continued the trial, Plaintiffs learned that Ford Leasing Development Company, LLC, a subsidiary of Ford Holdings, LLC, owned the premises where Crescent Ford operated.[3] Ford Leasing Development Company, LLC purchased the property located at 121 Jefferson Highway, New Orleans, La 70121 from Ford Motor Company on December 1, 1965.[4] Ford Motor Company never indicated Ford Leasing Development Company, LLC was the owner of the Crescent City Ford premises. In fact, in one breath Ford agreed it was the owner of Crescent Ford but, in other pleadings, such as its Response to Plaintiffs' Motion to File First Supplemental and Amended Complaint, it claimed it

---

[1] Exhibit A- *Ford Motor Company's Responses to Plaintiff's Discovery Requests*- Interrogatory No. 7.
[2] Exhibit B- *Deposition of Matthew Fyie*, taken on October 25, 2018 in *Victor Michel vs. Ford Motor Company, Et Al*., U.S. District Court EDLA No.18-cv-04738, pg. 38, lines 11-25. This deposition and its corresponding exhibits were filed under seal per order of this Court signed on April 4, 2019. R. Doc. No. 226. The corresponding pleading, "Ford Motor Company's Counter Designations to the Testimony of Matthew Fyie," containing the sealed deposition and its exhibits is R.Doc. 222.
[3] Exhibit C-Cash Sale Deed from Ford Motor Company to Ford Leasing Development Company and Cash Sale Deed from Ford Leasing Development Company, *in globo*, which establishes the transfer of ownership from Ford Motor Company to Ford Leasing Development Company which held the property through Victor Michel's employment not disposing of it until 1976.
[4] *Id*. See also Exhibit 4 to previously identified Exhibit B- *Deposition of Matthew Fyie*, taken on October 25, 2018 in *Victor Michel vs. Ford Motor Company, Et Al*., United States District Court, Eastern District of Louisiana, No. 18-cv-4738. Exhibit 4 identifies the location of the Crescent Ford Truck and Sales as 121Jefferson Highway, New Orleans, La 70121 which is the same location transferred, per the Cash Sale Deeds between the two Ford entities in 1965 and subsequently to Wilma and R.C. Stoskopf in 1977. Matthew Fyie's deposition and its corresponding exhibits were filed under seal per order of this Court signed on April 4, 2019. R. Doc. No. 226. The corresponding pleading, "Ford Motor Company's Counter Designations to the Testimony of Matthew Fyie," containing the sealed deposition and its exhibits is R.Doc. 222.

was not the owner of the facility. To fully adjudicate Plaintiffs' claims, all proper parties must be named in this litigation.

## II. LAW AND DISCUSSION

### A. GOOD CAUSE EXISTS TO MODIFY THIS COURT'S PRE-TRIAL ORDER GOVERNING AMENDMENT OF PLEADINGS

The scheduling order Judge Sarah Vance entered on April 11, 2019 prohibits the further amendment of pleadings. R. Doc 227.  Hence, the granting of any amendment of pleadings at this juncture must be reviewed and analyzed by this court pursuant to Federal Rules of Civil Procedure 16(b).  Federal Rule of Civil Procedure 16(b) provides that a scheduling order may be modified only for good cause and with the judge's consent.

The U. S. Fifth Circuit has held that Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after the deadline for filing such pleadings has expired. The liberal standard of allowing amendments to pleadings will apply after the mover shows good cause to modify the scheduling order. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA,* 315 F.3d 533, 536 (5th Cir. 2003).

In determining whether good cause exist for modifying a scheduling order to allow for the amendment of a complaint, courts consider four factors: (1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir.1997). (quoting *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.1990)).

In considering the above four factors, Plaintiffs provide the following:  This matter was removed to this Court from state court on May 8, 2018. No further scheduling order spoke to the amendment of pleadings.  At the time of removal, Plaintiffs deposed Ford Motor Company's

4

corporate representative and asked who owned Crescent Ford Truck and Matthew Fyie testified that Ford Motor Company owned Crescent Ford Truck and Sales. Exhibit B. Therefore, in relying on Ford's representative, Plaintiffs had no knowledge that Ford Motor Company was not the owner of the premises of Crescent Ford Truck. In fact, Ford should have been fully aware that its land development arm, Ford Leasing Development Company, was the owner of Crescent Ford Truck during Victor Michel's employment because Ford Leasing Development Company purchased the Crescent Ford Truck site from Ford Motor Company in 1965.[5]

Following the filing of Plaintiffs' First Supplemental and Amended Complaint, the Honorable Sarah Vance entered a Scheduling Order governing the disposition of this matter to trial.[6] Judge Vance's order continued the trial to April 13, 2020 and prohibited any further amendment to pleadings, crossclaims or counterclaims. However, Judge Vance's order permits discovery on Plaintiffs' employer and premises liability claims. The discovery cut off relative to these claims is March 3, 2020. Furthermore, the order provides that "deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause." The potential prejudice to Ford Leasing Development Company is minimal in that the same claims of premises and employer liability asserted against Ford Motor Company would be asserted against its property acquisition arm. Several months remain before the discovery cut off on two non-complex and interrelated claims- employer liability and premises liability, which provides sufficient time to conduct discovery on these issues. R. Doc. 227.

Based on the foregoing factors and the application of those factors to this matter, Plaintiffs reiterate that good cause exists to modify the present scheduling order and to allow Plaintiffs to

---

[5] Exhibit C.
[6] R. Doc. 227.

amend their complaint. Moreover, the codal provisions that freely allow for amendment of pleadings have been triggered and Plaintiffs' request for leave should be granted as fully explained below.

### B. PLAINTIFFS HAVE MET THE STANDARD FOR OBTAINING LEAVE TO FILE AN AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The decision whether to grant leave to amend a pleading is within the sound discretion of the district court. The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer. *See*, 6 Wright & Miller, Federal Practice and Procedure (2d ed.), Civ. § 1473 Rule 15.

Courts also consider the following factors when determining whether to grant a motion for leave to amend a complaint: whether the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This matter is set for trial to begin on April 13, 2020. The relationship held by Ford Leasing Development Company with respect to the ownership of Crescent Ford was unknown at the time Plaintiffs filed their Petition for Damages instituting this suit or at the time Plaintiffs'

amended complaint was filed before this Court. Plaintiffs engaged in discovery with Ford Motor Company prior to filing their amended complaint and Ford never divulged that Ford Leasing Development Company owned the Crescent City Ford premises despite Ford Motor Company selling the land to Ford Leasing Development Company in 1965- immediately before Victor Michel began working at Crescent Ford. Moreover, Ford's corporate representative testified that Ford owned Crescent Ford Truck Sales without any qualification pertaining to the land or building. Matthew Fyie testified as follows:

Fyie, Matthew, (Page 38:11 to 38:25)

      38

11   All right. In 1965, who owned the

12   Crescent Ford facility?

13      A. In 1965, Ford had ownership of the

14   Crescent Ford, I guess, dealership or franchise.

15   It's part of what we call a dealer development

16   program.

17      Q. And we're going to get into the

18   dealer development program and go through some

19   documents on that. But just sort of based on your

20   knowledge, how long did Ford own the Crescent Ford

21   dealership?

22          A.   I would have to go back and look.  I

23   believe it was -- I think from '65 through '76, I

24   think, is when the new principal started taking

25   further ownership of it.

It was not until Ford's response to Plaintiffs' motion for leave to file an amended complaint that Ford indicated it did not own the Crescent Ford and Truck premise.

The circumstances when applied to the factors allowing amendment show that Plaintiffs' motion must be granted.  Specifically, there will be no undue delay in allowing this amendment as the court's scheduling order allows discovery in this matter until March 3, 2020.  Minimal discovery will be needed into the premises and employer liability claims between Ford Leasing Development Company and Plaintiffs. No prejudice will be borne by Ford Motor Company because it has been involved in discovery and litigation with Plaintiffs on the two relevant issues since the inception; hence, any additional work in this litigation should have been expected by Ford as the sole remaining defendant prior to this motion to amend.   Lastly, this amendment is necessary to reach a full adjudication of Plaintiffs' claims and thus should be granted.

**WHEREFORE,** Plaintiffs respectfully request this motion be granted and Plaintiffs be allowed to file the attached amended complaint.

        Respectfully submitted,

        */s/ Roshawn H. Donahue*
        THE GORI LAW FIRM
        Roshawn H. Donahue, LSBA No. 30905
        Alex S. Dunn, Jr., LSBA No. 33542
        909 Poydras Street, Suite 2195
        New Orleans, Louisiana 70112

(504) 565-7888
(504) 827-1594 fax
TeamNOLA@gorilaw.com
**ATTORNEYS FOR PLAINTIFFS**