UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NORBERT MICHEL, ET AL.** | § | Civil Action No. 18-cv-04738 |
| | § | |
| **Plaintiffs** | § | |
| | § | **JUDGE: WENDY B. VITTER** |
| vs. | § | |
| | § | |
| **FORD MOTOR COMPANY, ET AL.** | § | **MAGISTRATE: KAREN WELLS** |
| | § | **ROBY** |
| **Defendants** | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' SECOND SUPPLEMENTAL AND AMENDED COMPLAINT**

**NOW INTO COURT,** through the undersigned counsel, come Plaintiffs, Norbert Michel, Keith Michel, and Vickie Michel who appear individually and as the proper parties in interest to Plaintiff-decedent, Victor Michel, and who amend their originally filed complaint as follows:

**I.**

By adding paragraph CCC to read as follows:

**EMPLOYER/PREMISES DEFENDANTS**

**CCC. FORD LEASING DEVELOPMENT COMPANY LLC,** a foreign corporation authorized to do business in Louisiana, with a domicile address at 1209 Orange Street, Wilmington, DE 19801 and which may be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

1

**II.**

By supplementing and amending Paragraph 14 to read as follows:

**14.**

## GENERAL NEGLIGENCE AND STRICT LIABILITY ALLEGATIONS AGAINST EMPLOYER/PREMISE DEFENDANT

On information and belief, FORD LEASING DEVELOPMENT COMPANY LLC and FORD MOTOR COMPANY were responsible for providing the Petitioner with warnings concerning hazardous conditions at its site and/or its use of hazardous materials, and generally to provide the Petitioner with safe premises in order to protect life, health, safety, and welfare of the Petitioner, and had the following responsibilities:

A. Inspection, approval, and supervision of these various premises for hazards and vices that may present a hazard to the Petitioner;

B. To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people on the premises;

C. To see that workers performed their duties pertaining to their work in a proper, safe, and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as to the Petitioner;

D. To see that the Defendant and its employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

E. To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

  F. To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

  G. To provide adequate warnings, safety equipment, ventilation, and breathing apparatus, where such was necessary, in order to prevent the Petitioner from being harmed by exposure to asbestos in the environment in which he was required to be present;

  H. To make certain that the Petitioner was provided a safe environment, free from excess asbestos dust inhalation and operations free from excess asbestos dust; and

  I. To comply with applicable state and federal regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act.

### III.

By supplementing and amending Paragraph 15 to read as follows:

### 15.

Not only did Defendants, Ford Leasing Development Company LLC and/or FORD MOTOR COMPANY, have the duties and responsibilities set forth in the foregoing paragraph, but they did actually undertake on an operational basis to perform said duties and fulfill said responsibilities, and they negligently failed to carry out those undertakings and assumed duties in the manner asserted in the paragraph below, and on information and belief, Defendants knew of the dust laden atmosphere in which the Petitioner was required to enter and work, which was damaging and dangerous to the Petitioner, and each knew or should have known of the dangers to the Petitioner 's health posed by working in an atmosphere polluted with asbestos dust without

3

proper protection or warnings. Petitioner allege that the Defendants knew or should have known that respiratory illness including, but not limited to, the Mesothelioma sustained by the Petitioner could have been avoided by the use of adequate ventilation, warnings, packaging, and safety equipment.

## IV.

By amending Paragraph 16 to read as follows:

## 16.

On information and belief, Defendants, F Ford Leasing Development Company LLC and/or FORD MOTOR COMPANY, negligently failed in the performance of their responsibilities and/or actual undertakings to provide Petitioner with safe premises and operations in the following particulars:

A. Failing to properly ventilate the area in which Petitioner was required to enter in connection with his work;

B. Failing to warn or provide proper safety appliances, including but not limited to respirators, air-fed hoods, etc. for Petitioner's use;

C. Failure to institute safety procedures and plans for the adequate protection of Petitioner;

D. Failing to warn Petitioner of the dangers posed by the polluted atmosphere in which he was required to work including, but not limited to the risk of asbestosis, pleural disease, Lung Cancer, Mesothelioma, other cancers, and the carcinogenic effect of the risk of lung cancer caused by asbestos exposure to persons with pre-existing smoking habits from the handling and use of asbestos;

E. Failing to enforce applicable safety rules after such rules were actually adopted;

4

- **F.** Failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, the occupational exposure to asbestos;
- **G.** Failing to properly supervise operations;
- **H.** Commencing and continuation of operations which were under their control and supervision when they knew or should have known that such operations caused Petitioner to be exposed to asbestos dust, without protection;
- **I.** Failing to abide by applicable state and federal regulations regulating the premises' exposure to asbestos, including but not limited to, those regulations promulgated by the U. S. Department of Labor, pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act; and
- **J.** Failing to measure the levels of asbestos dust in the premises' working environment.

The negligence of Defendants, Ford Leasing Development Company LLC and/or FORD MOTOR COMPANY, was a substantial factor and contributed in causing damages to the Petitioner.

- **k.** The Employer/Premise Defendants, Ford Leasing Development Company LLC and/or FORD MOTOR COMPANY, are liable to Plaintiffs under Louisiana Civil Code article 2317 in effect during Victor Michel's employment at Crescent Ford Truck for its care, custody, and control of the asbestos-containing products installed, removed, sold and/or supplied, and otherwise manipulated by Victor Michel or in his presence. Victor Michel's exposure to the asbestos-containing products in the *garde* of Ford Leasing Development Company LLC was a substantial factor and contributed in causing damages to Plaintiffs.

## XI.

Plaintiffs amend their prayer for relief as follows:

**WHEREFORE**, Plaintiffs pray that after due proceedings, there be judgment here in favor of Plaintiffs and against Defendants for any and all damages allowed by law.

Respectfully submitted,

*/s/ Roshawn Donahue*
GORI JULIAN & ASSOCIATES, P.C.
Roshawn H. Donahue, LSBA No. 30905
Alex S. Dunn, Jr., LSBA No. 33542
909 Poydras Street, Suite 2195
New Orleans, Louisiana 70112
(504) 565-7888 Telephone
(504) 827-1594 fax
TeamNOLA@gorilaw.com
**ATTORNEYS FOR PLAINTIFFS**