# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH MICHEL,** *On Behalf of Victor Michel,* **ET AL.** | CIVIL ACTION |
| VERSUS | NO: 18-4738 |
| **FORD MOTOR COMPANY, ET AL.** | SECTION: "D" (4) |

## ORDER

Before the Court is **Plaintiffs' Motion for Leave to File Second Supplemental and Amended Complaint (R. Doc. 236)** filed by the Plaintiffs Norbert Michel, Keith Michel, and Vickie Michel seeking leave from this Court to file a second supplemental and amended complaint. The motion is opposed by Defendant Ford Motor Company. R. Doc. 237. The motion was heard on the briefs on November 20, 2019.

### I. Background

On July 28, 2017, Plaintiff, Victor Michel, filed his Petition for Damages in Louisiana State Civil District Court for the Parish of Orleans claiming damages as a result of exposure to asbestos. R. Doc. 1-2. Plaintiff sought damages from Ford Motor Company as an asbestos miner, manufacturer, seller, supplier, or distributor. *Id.* In total, Plaintiff named twenty-nine (29) Defendants. *Id.* While Plaintiff initially alleged employer and premise liability claims, it only did so against Defendant United Auto Supply of Syracuse, Inc.[1] *Id.*

In his complaint, Plaintiff alleged, *inter alia*, that between 1968 and 1969 he worked as a mechanic at Crescent Ford in New Orleans, Louisiana where he conducted routine maintenance on vehicles to include changing brakes and clutches, and overhauling engines. *Id.* While employed at Crescent Ford, Victor Michel was exposed to asbestos found in the brake lining manufactured,

---

[1] United Auto Suppliers of Syracuse, Inc. was later found by this Court to be an improperly joined Defendant. R. Doc. 1, p. 8. The Court also found Taylor-Seidenbach, Inc. was also an improperly joined Defendant where the Court found Plaintiff had no good faith intention of pursuing his claims against Taylor-Seidenbach, Inc. but joined it as a non-diverse Defendant. *Id.* at p. 9-10.

sold, or supplied by Ford Motor Company. R. Doc. 236-1, p. 2. As a result of his asbestos exposure, Victor Michel was diagnosed with mesothelioma. R. Doc. 1-2.

Plaintiff sued Defendants asserting claims under only state tort law. *Id.* On May 8, 2018, this case was removed to the United States District Court invoking the Court's diversity jurisdiction. R. Doc. 1. Victor Michel died on June 12, 2018, from malignant mesothelioma, and Norbert Michel, Keith Michel, and Vickie Michel as natural children and heirs of Victor Michel were substituted as Plaintiffs. R. Doc. 14 & R. Doc. 21.

On July 24, 2018, Plaintiff filed a Motion to Remand (R. Doc. 28) challenging the Court's jurisdiction claiming it lacked subject matter jurisdiction over the matter where Defendant Taylor-Seidenbach, Inc. is a Louisiana Corporation domiciled in Louisiana. R. Doc. 28-1, p. 5. On August 28, 2018, the District Judge denied the motion to remand finding Plaintiff could not prevail against Taylor-Seidenbach, Inc. R. Doc. 34, p. 9. Trial was originally set for February 19, 2019, but prior to that date Plaintiffs resolved this matter against all remaining Defendants with the exception of Ford Motor Company. R. Doc. 236-1, p. 2.

On January 21, 2019, Plaintiffs sought leave to file their First Supplemental and Amended Complaint. R. Doc. 141.[2] In that pleading, Plaintiffs clarified their assertion of strict product liability claims against Defendants and amended their complaint to assert allegations of strict liability against Ford Motor Company and negligence allegations against Ford Motor Company as the employer of Victor Michel. R. Doc. 141; *see also* R. Doc. 174-3.

On February 20, 2019, the District Judge granted Plaintiffs' motion for leave to file finding that, because Ford Motor Company's corporate representative testified that Crescent Ford was not an independently owned dealership but was wholly owned by Ford Motor Company, Ford Motor

---

[2] This document filing was marked deficient, and Plaintiffs refiled the corrected motion on January 30, 2019 (R. Doc. 174).

Company is potentially liable under the theory of negligence and strict liability for exposing Victor Michel to asbestos while on its premises. *See* R. Doc. 203, p. 2; *see also* R. Doc. 236-2, p. 6, Interrogatory No. 7 (dated Oct. 5, 2017) (Ford Motor Company answers that during 1968 to 1969 it possessed a one-hundred percent ownership in Crescent Ford Truck Sales, Inc.). As such, the Court found the supplemental and amended pleading to add the additional claims were essential to Plaintiffs' case. *Id.*

On April 11, 2019, the District Court stipulated, in its Scheduling Order, that "pleadings have been completed" and "no further amendments to pleadings, crossclaims, or counter claims are permitted." R. Doc. 227. Since that time, Plaintiffs have conducted further discovery which has revealed that Ford Leasing Development Company, LLC, a subsidiary of Ford Holdings, LLC, actually owned the land where Crescent Ford operated. R. Doc. 236-1, p. 3; *see also* R. Doc. 236-4, Cash Sale of Property Deed (dated Dec. 1, 1965) (Ford Motor Company transferring ownership of the parcel to Ford Leasing Development Company). Based on this newly acquired discovery, Plaintiffs propose to file a second supplemental and amended complaint that seeks to add an additional defendant, Ford Leasing Development Company, LLC, as the employer or premise owner of Crescent Ford Truck. R. Doc. 236.

Plaintiffs maintain discovery of the lots ownership establishes good cause to modify the Court's pleading amendment deadline in accordance with Federal Rule of Civil Procedure 16(b). R. Doc. 263-1. Plaintiffs also maintain that they met the liberal pleading amendment standard set forth under Federal Rule of Civil Procedure 15(a). *Id.* Defendant Ford Motor Company opposes the motion contending that the pleading violates the Court's pleading amendment deadline as set forth in the scheduling order without good cause and the addition of Ford Leasing Development Company, LLC as a party to this action is futile. R. Doc. 237.

## II. Standard of Review

Generally, Federal Rule of Civil Procedure ("Rule") 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* "Such leave is not automatic, however, and is at the discretion of the district court." *Muttathottil v. Mansfield,* 381 Fed.Appx. 454, 457 (5th Cir. 2010). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)). "It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007): 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016). As such, the Court must accept all well-plead facts as true and view them in the light most favorable to the non-moving party. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where

viability of a claim is at least facially possible, futility does not provide grounds for denying an amendment. *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 353–54 & n. 6 (5th Cir. 2011).

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003 (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536).

### III. <u>Analysis</u>

As noted above, the pleading deadline imposed by the Scheduling Order lapsed without extension. *See* R. Doc. 227. Thus, Rule 16(b) governs amendment of pleadings in this matter, and Plaintiffs must establish "good cause" for their untimely amendment before the liberal Rule 15(a) standard applies.

#### A. Rule 16(b)

In determining whether good cause exists to allow amended pleadings outside the May 17, 2019 deadline imposed by the Scheduling Order (R. Doc. 227), the Court first considers movants' explanation for its failure to timely move for leave to Amend. *Schubert Marine Sales*, 2003 WL 21664701, at *2.

5

Plaintiffs submit that the party in the best position to ascertain the owner of the premise in question was Defendant Ford Motor Company, and, as such, Plaintiff should not be held at fault for any delay caused by their reliance on Ford Motor Company's representations that it was the owner of the premise in question. R. Doc. 236-1, p. 5. Plaintiffs admit the motion is beyond the time permitted for amendment of pleadings but contend that new discovery has just come to light, which has indicated Ford Leasing Development Company, LLC was actually the owner of the premise during the time in question. *Id.*

Defendant Ford Motor Company, in opposition, contends that Plaintiffs' suggestion that they filed their second supplemental and amended complaint promptly following Ford Motor Company's indication that it did not own the Crescent Ford and Truck premise mischaracterizes the timing of the pleadings. *See* R. Doc. 237, p. 2. Specifically, Defendant Ford Motor Company contends while Plaintiffs profess to have not known of any land ownership issue until Ford Motor Company's response to its motion for leave to file first amendment and supplemental complaint, the same was filed on February 5, 2019, nearly nine (9) months before their now filing of their second amended and supplemental complaint. *See* R. Doc. 179, p. 18-19. As such, Defendant contends that Plaintiffs' explanation for their failure to timely file is tenuous at best. *See* R. Doc. 237, p. 3.

Furthermore, Ford Motor Company also contends that it in no way attempted to conceal the identity of the entity who owned the subject plot of land. *Id.* Ford Motor Company explains that Plaintiffs confuse the issue of ownership in a company and ownership in a parcel of land. *Id.* So, while the conveyance records evidence that Ford Leasing Development Company, LLC owned the premise, because Ford Motor Company owned one-hundred percent of the stock in Ford Leasing Development Company, LLC, Ford Motor Company's previous responses as to

ownership are not untrue. *Id.* As such, Ford Motor Company contends Plaintiffs are still at fault for any delay.

Ford Motor Company's response to Plaintiff's Interrogatory No. 7 states "only that during the 1968 to 1969 time period it possessed a 100% ownership interest in Crescent Ford Truck Sales, Inc. (located at 5121 Jefferson Highway, Harahan, Louisiana 70121)." R. Doc. 236-2, p. 6. Here, the Court is of the opinion that Plaintiffs were not in a position to best know that the owner of the company's business interest differed from the owner of the real estate parcel where the situs of both were the same.

Furthermore, while, accepting as true, Plaintiffs' contention that it did not learn that Ford Motor Company did not own the land on which Crescent Ford business sat until Defendant's February 2019 response, Defendant's figuring Plaintiffs' delay at nine months seems to fail to take into account the entire process.[3] Defendant's response merely clued Plaintiffs into there might being a separate legal owner. From there, Plaintiffs would have needed to undertake additional discovery and investigation to uncover who the true owner of the parcel was over fifty (50) years ago in 1968.

As courts in this circuit have held, "[n]ewly discovered information acquired through discovery . . . constitute[s] good cause for an untimely leave to amend under Rule 16." *Rivera v. Robinson*, No. CV 18-14005, 2019 WL 4024939, at *2 (E.D. La. Aug. 27, 2019) (citing *Bayou Liberty Prop., LLC v. Best Buy Stores, LP*, 2015 WL 1415704, at *2 (E.D. La. Mar. 27, 2015)). As such, the Court finds that Plaintiffs have articulated a valid explanation for its untimely proposed amended complaint. *See EPL Oil & Gas, Inc. v. Tana Expl. Co., LLC*, No. CV 18-00757,

---

[3] Defendant Ford Motor Company does, however, note the lack of information provided by Plaintiff. *See* R. Doc. 237, p. 8-9 ("Plaintiff's motion does not disclose when they discovered the conveyance records at issue, it is unclear whether Plaintiffs have been in possession of the records for some time or only recently thought to perform a public records search.").

7

2018 WL 4489287, at *3 (E.D. La. Sept. 17, 2018) (finding good cause and valid explanation existed where party only learned of facts supporting the claims after the amendment deadline).

While this Court finds the information pertaining to the parcel's ownership provides a valid explanation for not timely amending, the Court notes that Plaintiffs failed to apprise the Court of when exactly it received this information. Furthermore, the Court is of the opinion that with diligence the Plaintiffs could have likely secured this information prior to nine (9) months after when they first purport to have discovered Ford Motor Company did not own the parcel in question. As such, the Court only slightly weighs this factor in favor of allowing the amendment.

Next, the Court considers the importance of the amendment. In general, under Louisiana law, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm. *Mundy v. Dep't of Health & Human Res.*, 620 So. 2d 811, 813 (La. 1993) (citing *St. Hill v. Tabor*, 542 So.2d 499, 502 (La.1989); *Harris v. Pizza Hut of Louisiana, Inc.*, 455 So. 2d 1364, 1369 (La. 1984); and *Walker v. Union Oil Mill, Inc.*, 369 So.2d 1043, 1047 (La.1979)). Moreover, "[i]n determining an owner's liability under Civil Code Articles 2315 and 2316 the test has been stated to be whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others." *Walker v. Union Oil Mill, Inc.*, 369 So. 2d 1043, 1047 (La. 1979) (citing *Shelton v. Aetna Casualty and Surety Co.*, 334 So.2d 406 (La. 1976)).

This Court has already found Plaintiffs' premise liability claims important to Plaintiffs' case. R. Doc. 203, p. 6. Still, as Ford Motor Company has explained, Ford Leasing Development Company, LLC and Ford Motor Company are not one in the same, rather are separate corporate entities, which do not share any corporate officers or members/directors. R. Doc. 237, p. 14. Based on Louisiana jurisprudence, it seems both the owner of the business and the owner of the parcel can potentially be assigned varying degrees of fault. The importance of Ford Leasing Development

Company, LLC as an additional defendant is, therefore, essential for the complete resolution and adjudication of Plaintiffs' claims in their entirety. *Cardoso-Gonzales v. Anadarko Petroleum Corp.*, No. CV 16-16585, 2017 WL 5493628, at *2 (E.D. La. Nov. 15, 2017) (an "amendment is important to ensure the presence in this lawsuit of all parties that may bear responsibility for the injuries Plaintiffs claim to have suffered."). As such, the Court finds the additional defendant is essential to Plaintiffs' case, considers the amendment important as such, and weighs this factor heavily in favor of allowing the amendment.

Third, considering the potential prejudice in allowing the amendment, the Court notes that the discovery deadline is March 3, 2020 as to the employer and premise liability claims. R. Doc. 227. That the District Judge extended the discovery deadline as to these sole claims suggests that the District Judge, as well as the Defendant, were aware that discovery as to this claim was inadequate. The Court next notes that Ford Motor Company barely addresses any sort of prejudice that allowing the amended complaint would cause them, instead Ford Motor Company goes into analyzes the potential prejudice in allowing the proposed pleading caused to Ford Leasing Development Company, LLC, which its already concedes is a separate legal entity. *See, e.g.*, R. Doc. 237, p. 14.[4]

Still, this case has been pending for more than three years, and by the time that Ford Leasing Development Company, LLC has been served, it files an answer, and it conducts even limited discovery on these claims, many of the deadlines in the existing Scheduling Order will likely to have expired. The trial in this matter is currently set for April 13, 2020, only three (3) months from today. Rec. Doc. 227. So, not only will an extension of the discovery deadline be

---

[4] Ford Motor Company states that it "does not know whether Ford Leasing Development Company, LLC will choose to retain other counsel;" Ford Motor Company's "previous actions, discovery, and legal positions taken in this litigation cannot be imputed to Ford Leasing Development Company, LLC or limit its ability to defendant claims against it;" and "Ford Leasing Development Company, LLC is entitled to its own defense independent of Ford [Motor Company]'s, and "Ford [Motor Company] is not in the position to make any representations regarding Ford Leasing Development Company, LLC's strategy." R. Doc. 237, p. 14.

necessary, a trial continuance will also likely be necessary. *See Giles v. ACE Am. Ins. Co.*, No. CV 18-6090, 2019 WL 1936680, at *3 (E.D. La. May 1, 2019). As such, it is likely that the Court would have to issue a new scheduling order in light of naming Ford Leasing Development Company, LLC as a defendant. *Urbino v. Associated Bldg. Servs., L.L.C.*, No. CV 18-4006, 2018 WL 4775006, at *2 (E.D. La. Oct. 3, 2018) (finding prejudice occurs when it would require reopening discovery).

Nonetheless, this amendment does not fundamentally alter the nature of the case. *Cf. Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (finding good cause not supported where proposed amendment fundamentally altered the nature of the case as opposed to proposing alternative legal theories for recovery on the same underlying facts.) The same exact claims asserted against Ford Motor Company would be the ones asserted against Ford Leasing Development Company, LLC, and all would be premised on the same set of underlying facts. Moreover, Plaintiffs have already insisted only minimal discovery will be needed into the premises and employer liability claims between Ford Leasing Development Company, LLC and Plaintiffs. R. Doc. 236-1, p. 8. So, while Ford Motor Company may be prejudiced for want of juridical expediency, this prejudice would not necessarily be undue considering the similarity in fact. As such, this factor weighs only slightly against a good cause finding.

Finally, in considering the availability of a continuance to cure such prejudice, the Court notes that the scheduling order stipulates that "[c]ontinuances will not normally be granted." R. Doc. 227, p. 4. This condition is not altogether preclusive. Moreover, the District Judge previously explained, in permitting the Plaintiffs' last amendment which also created a need for extension of Court imposed deadlines, where "[P]laintiffs have shown a strong factual basis for the claims, Plaintiffs ought to be afforded an opportunity to test these claims on the merits under 15(a)." R.

10

Doc. 203, p. 6. As such, the Court finds a continuance is likely available and weighs this factor in favor of permitting the proposed pleading.

Accordingly, considering the totality of Rule 16(b) factors, the Court finds good cause exists for this untimely amendment. The Court now proceeds to a review of Rule 15(a)'s liberal pleading standards, and, specifically, for futility.

**B. Rule 15(a)**

As an initial matter, the Court notes that there is no evidence of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotations omitted). Moreover, "Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones*, 427 F.3d at 994 (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)).

Still, Defendant Ford Motor Company contends that the amendment is futile where Plaintiffs' key liability evidence—Mr. Victor Michel's deposition—will be inadmissible against Ford Leasing Development Company, LLC pursuant to Federal Rule of Civil Procedure 32(a) and Federal Rule of Evidence 804(b)(1). R. Doc. 237, p. 15-16. Specifically, Defendant contends because Ford Leasing Development Company, LLC has never been a party to the case, was not present or represented at Victor Michel's deposition, and did not even have notice that the deposition occurred that the Rules do not permit admitting his deposition testimony against Ford Leasing Development Company, LLC. R. Doc. 237, p. 16.

The admissibility of the of the decedent's deposition against Ford Leasing Development Company, LLC is an issue for the District Judge and not the undersigned United States Magistrate

Judge. Accordingly, the Court will not find the addition of Ford Leasing Development Company, LLC as a new party futile on these grounds.

The Court will next consider futility pursuant to standard for garde under Louisiana law.[5] Courts in the Eastern District of Louisiana have held that ownership of the "land or building" is insufficient to state a plausible strict liability or custodial liability claim when Plaintiff fails to allege the owner of the land or building had custody over and operated the objects allegedly causing harm. *Butler v. Denka Performance Elastomer LLC*, No. CV 18-6685, 2019 WL 2417500, at *5 (E.D. La. June 10, 2019) (analyzing the potential liability for two different proposed defendants where one defendant owned the business located on the situs of the property and the other defendant owned the land underlying the facility). Specifically, in *Butler*, the District Judge analyzed whether the plaintiff alleged facts that, if proved, would demonstrate that the proposed additional party maintained ownership of the harmful production units—which, in this case, is asbestos containing products. *Id.* at *4. (questioning whether "the thing which caused the damages was in the care, custody, and control (garde) of" the proposed additional defendant) (citing *Dupree v. City of New Orleans*, 1999-3651 (La. 8/31/00), 765 So. 2d 1002, 1008).

In *Butler*, because the Plaintiff only alleged that the existing party defendant controlled the harmful production units and operated the faulty chemical emitting equipment during the manufacturing process, and failed to allege the proposed additional defendant controlled or operated the harmful products, the Court determined the challenged amendment would be futile. *Id.* at *4-5. Here, however, Plaintiffs have specifically alleged "Victor Michel's exposure to the asbestos-containing products *in garde* of Ford Leasing Development Company, LLC was a substantial factor and contributed in causing damages to Plaintiffs." R. Doc. 236-7, p. 5 ¶k. As

---

[5] The Court notes that neither party addressed the futility of the amendment pursuant to Louisiana standard for garde in their briefs to the Court.

such, the Court finds Plaintiffs have alleged enough factual allegations, which, if taken as true, would support imposition of liability on Ford Leasing Development Company, LLC. *Butler*, 2019 WL 2417500 at *5. Accordingly, the Court will not find the addition of Ford Leasing Development Company, LLC as a new party futile on these grounds.

Finally, given the liberal standard espoused by Rule 15, combined with the fact that the Court sees no substantial reason to deny the motion, the Court finds Plaintiffs have met the low bar needed to amend under Rule 15(a).

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the **Plaintiffs' Motion for Leave to File Second Supplemental and Amended Complaint (R. Doc. 236)** is **GRANTED.**

New Orleans, Louisiana, this 17th day of January 2020.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**